IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ERIC C. BURGIE                                                                                  PETITIONER
ADC #120956

VS.                            CASE NO.: 5:12CV00248 DPM/BD

RAY HOBBS, Director,
Arkansas Department of Correction                                            RESPONDENT

## RECOMMENDED DISPOSITION

**I.**     **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall, Jr.  Mr. Burgie – or any party – may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection.  An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.  A copy will be furnished to the opposing party.

If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing all of the evidence in the record.  By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

**II.    Background**

Petitioner Eric C. Burgie, an Arkansas Department of Correction ("ADC") inmate, filed this pro se petition for writ of habeas corpus under 28 U.S.C. § 2254.  (Docket entry #2)  Mr. Burgie is currently serving a prison term of life without the possibility of parole.  His petition is based on six ADC disciplinary convictions.  (#2)  Mr. Burgie alleges he received thirty days of punitive isolation for each disciplinary conviction and was assigned to administrative segregation indefinitely.

This Court granted Mr. Burgie's motion for leave to proceed *in forma pauperis* and ordered service of the petition, but Respondent Ray Hobbs has not yet filed a response.  However, because Mr. Burgie has failed to provide any basis for federal habeas corpus relief, the petition should be denied.

**III.   Discussion**

Habeas corpus is the appropriate avenue for state prisoners attacking the validity or length of their confinement.  *Preiser v. Rodriguez*, 411 U.S. 475, 490, 93 S. Ct. 1827, 1836 (1973).  A petition for writ of habeas corpus is, in essence, an attack upon the legality of custody and a request for release from illegal custody.  *Id*. at 484.  In this case,

Mr. Burgie does not question the fact or length of his confinement. He does not seek immediate, or even speedier, release.

Mr. Burgie's allegations that ADC officials filed void and retaliatory disciplinary charges against him; provided no staff assistance with his disciplinary appeal; held him in unsafe and unsanitary conditions; suspended his visitation privileges; withheld his property; and subjected him to atypical and significant hardships, in no way affect the length of his confinement or the validity of his prison sentence. These allegations do not call into question the length of Mr. Burgie's custody.

Mr. Burgie is serving a life sentence without the possibility to parole for capital murder. The incarceration that matters in a habeas petition is the incarceration ordered by the original judgment of conviction, not special disciplinary confinement for disciplinary convictions. *Muhammad v. Close*, 540 U.S. 749, 752, 124 S. Ct. 1303, 1305 (2004). Accordingly, Mr. Burgie's challenges to his disciplinary convictions and his placement in administrative segregation do not state a ground for federal habeas corpus relief.

## IV.    Certificate of Appealability

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Burgie has made a substantial showing that he was denied a right guaranteed by the United States Constitution. 28 U.S.C. § 2253(c)(1)-(2). In this case, Mr. Burgie has not

provided a basis for issuing a certificate of appealability. Accordingly, a certificate of appealability should be denied.

## V.     Conclusion

The Court recommends that Eric C. Burgie's petition for writ of habeas corpus be DENIED, with prejudice, and that he not be afforded a certificate of appealability.

DATED this 10th day of September, 2012.

_____
UNITED STATES MAGISTRATE JUDGE